215-2
Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP AAL LLLC

WAYNE M. SAKAI           696-0
MICHIRO IWANAGA   2022-0
DANIEL M. CHEN           7584-0
201 Merchant Street
Suite 2307 City Financial Tower
Honolulu, Hawaii 96813
Telephone No. (808) 792-3888
Fax No. (808) 521-5262

Attorneys for Defendant
PHILLIPS AND COHEN ASSOCIATES LTD.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLIS LINDSEY,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>PNC MORTGAGE, Formerly Known as National City Mortgage; PHILLIPS AND COHEN ASSOCIATES LTD.; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; DOE ENTITIES 1-50; DOE GOVERNMENTAL UNITS 1-50,<br><br>　　　　　　　Defendants. | Case No.  CV 11-00105 HG-BMK<br><br>**DEFENDANT PHILLIPS AND COHEN ASSOCIATES LTD.'S ANSWER TO COMPLAINT; CERTIFICATE OF SERVICE**<br><br>N |

## DEFENDANT PHILLIPS AND COHEN ASSOCIATES LTD.'S ANSWER TO COMPLAINT

Defendant Phillips & Cohen Associates, Ltd. ("PCA"), appearing for itself and no others, hereby answers the Complaint of Plaintiff ALLIS LINDSEY, as follows:

1. PCA lacks sufficient information to respond to the allegations contained in ¶ 1, and on that basis denies the same.

2. PCA lacks sufficient information to respond to the allegations contained in ¶ 2, and on that basis denies the same.

3. PCA admits it is a partnership with its principal place of business located in Wilmington, DE. PCA further admits it provides debt collection services. Except as expressly admitted, PCA denies the remaining allegations contained in ¶ 3.

4. PCA lacks sufficient information to respond to the allegations contained in ¶ 4, and on that basis denies the same.

### JURISDICTION AND VENUE

5. PCA avers the allegations contained in ¶ 5 are legal conclusions which do not require an admission or denial. PCA refers all matters of law to the court.

6. PCA avers the allegations contained in ¶ 6 are legal conclusions which do not require an admission or denial. PCA refers all matters of law to the court.

**CAPACITY OF PARTIES**

7. PCA lacks sufficient information to respond to the allegations contained in ¶ 7, and on that basis denies the same.

8. PCA admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as expressly admitted, PCA denies the remaining allegations contained in ¶ 8.

9. PCA admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of the FDCPA. PCA further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as expressly admitted, PCA denies the remaining allegations contained in ¶ 9.

**FACTUAL ALLEGATIONS**

10. PCA lacks sufficient information to respond to the allegations contained in ¶ 10, and on that basis denies the same.

11.   PCA denies the allegations contained in ¶ 11.  PCA specifically denies it was ever an agent of PNC Mortgage and denies that PNC Mortgage placed plaintiff's account with PCA for collection.

12.   PCA lacks sufficient information to respond to the allegations contained in ¶ 12, and on that basis denies the same.

13.   PCA lacks sufficient information to respond to the allegations contained in ¶ 13, and on that basis denies the same.

14.   PCA denies the allegations contained in ¶ 14.

### FIRST CAUSE OF ACTION

### (FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §§ 1692))

15.   PCA incorporates its responses to ¶¶ 1-14 as though fully set out forth herein.

16.   PCA lacks sufficient information to respond to the allegations contained in ¶ 16 which relate to a party other than PCA, and on that basis denies the same.  PCA denies PNC Mortgage was ever PCA's principal.  PCA denies that PNC Mortgage placed plaintiff's account with PCA for collection.

17.   PCA denies the allegations contained in ¶ 17.

18.   PCA denies the allegations contained in ¶ 18.

4

## SECOND CAUSE OF ACTION:

### (UNFAIR AND DECEPTIVE TRADE PRACTICES (HRS § 480-2))

19.  PCA incorporates its responses to ¶¶ 1-18 as though fully set out forth herein.

20.  PCA lacks sufficient information to respond to the allegations contained in ¶ 20 which relate to a party other than PCA, and on that basis denies the same.  PCA denies PNC Mortgage was ever PCA's principal.  PCA denies that PNC Mortgage placed plaintiff's account with PCA for collection.

21.  PCA denies the allegations contained in ¶ 21.

22.  PCA denies the allegations contained in ¶ 22.

## THIRD CAUSE OF ACTION:

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

23.  PCA incorporates its responses to ¶¶ 1-22 as though fully set out forth herein.

24.  PCA lacks sufficient information to respond to the allegations contained in ¶ 24 which relate to a party other than PCA, and on that basis denies the same.  PCA denies PNC Mortgage was ever PCA's principal.  PCA denies that PNC Mortgage placed plaintiff's account with PCA for collection.

25. PCA denies the allegations contained in ¶ 25.

26. PCA denies the allegations contained in ¶ 26.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a first affirmative defense, Defendant PCA alleges that Plaintiffs' Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Bona Fide Error: FDCPA)**

As a second affirmative defense, Defendant PCA alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

**THIRD AFFIRMATIVE DEFENSE**

**(Consent)**

As a third affirmative defense, Defendant PCA alleges that Plaintiffs consented to and/or invited the conduct for which she seeks relief.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a fourth affirmative defense, Defendant PCA alleges that Plaintiffs knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

As a fifth affirmative defense, Defendant PCA states that it currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. Defendant PCA reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, Defendant PCA respectfully requests that:

1. Plaintiff takes nothing by way of this Complaint;

2. Judgment of dismissal be entered in favor of Defendant PCA;

3. Defendant PCA be awarded costs and attorney's fees it has incurred in defending this lawsuit;

4.  Defendant PCA be granted such other and further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, April 25, 2011.

          /s/ Michiro Iwanaga
WAYNE M. SAKAI
MICHIRO IWANAGA
DANIEL M. CHEN

Attorneys for Defendant
PHILLIPS AND COHEN
ASSOCIATES LTD.