IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLIS LINDSEY,<br><br>      Plaintiff,<br><br>vs.<br><br>PNC MORTGAGE, ET AL.,<br><br>      Defendants.<br>_____ | Civ. No. 11-00105 HG -BMK<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART (1)<br>PLAINTIFF'S MOTION TO<br>COMPEL THE PRODUCTION OF<br>DOCUMENTARY EVIDENCE<br>AND ENFORCE THE SUBPOENA<br>ISSUED TO T-MOBILE ON 9/30/11<br>AND (2) T-MOBILE USA, INC.'S<br>MOTION TO QUASH SUBPOENA<br>AND FOR ATTORNEYS' FEES |

ORDER GRANTING IN PART AND DENYING IN PART (1) PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTARY EVIDENCE AND ENFORCE THE SUBPOENA ISSUED TO T-MOBILE ON 9/30/11 AND (2) T-MOBILE USA, INC.'S MOTION TO QUASH SUBPOENA AND FOR ATTORNEYS' FEES

Before the Court are (1) Plaintiff Allis Lindsey's Motion to Compel the Production of Documentary Evidence and Enforce the Subpoena Issued to T-Mobile on 9/30/11 (Doc. 66); and (2) T-Mobile USA, Inc.'s Motion to Quash Subpoena and for Attorney's Fees (Doc. 75). The Court heard these Motions on February 24, 2012 and accepted supplemental briefing thereafter. After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court GRANTS IN PART and DENIES IN PART the

foregoing Motions. As discussed below, the Court declines to compel the production of information requested by Plaintiff and denies the parties' requests for attorneys' fees and/or sanctions.

FACTUAL BACKGROUND

On February 17, 2011, Plaintiff filed the instant action against various Defendants. (Complaint at 1.) She alleged that after entering into a mortgage with PNC Mortgage, she received a phone call from a blocked number, relating to her mortgage with PNC Mortgage. That caller allegedly left Plaintiff a profane voice message, which she claimed caused her severe emotional distress, humiliation, and mental suffering. (Id. ¶¶ 10-11.) Based on that voice message, Plaintiff sued various Defendants for violation of the Fair Debt Collection Practices Act, for unfair and deceptive trade practices, and for intentional infliction of emotional distress. (Id. ¶¶ 15-26.) Plaintiff did not name as a Defendant the person who left the voice message.

After the Court granted Defendants' Motion to Dismiss and Motion for Summary Judgment, Plaintiff sought to name as a Defendant the person who left the profane voice message. However, because that caller's phone number was blocked, Plaintiff attempted to obtain the identity of the caller by serving T-Mobile with a subpoena. The subpoena requested production of "All phone records placed

and received by T-Mobile phone number (808)554-1076 from January 2010 to March 2010, including but not limited to records of all blocked calls, made and received by and at this number." (Ex. A attached to Doc. 66.) Service of the subpoena on T-Mobile "was effectuated via telefax on 9/30/2011." (Ex. B attached to Doc. 66.)

After counsel for Plaintiff and T-Mobile corresponded via email, T-Mobile produced some of the requested information on November 22, 2011. (Ex. 8.) As reflected in Exhibit 8, T-Mobile did not disclose the phone number of any incoming blocked calls; rather, the call log states "Blocked NBR" instead of the actual phone number of any blocked calls. (Id.) Although Plaintiff was not satisfied with the produced information because it did not identify the blocked phone numbers, the information did assist Plaintiff in determining the exact date and time of the profane phone call. (Plaintiff's Motion at 5-6.) Although Plaintiff initially thought the phone call was made on February 19, 2010, based on the information produced by T-Mobile, she now believes that "the voice message was left by the blocked number received on February 18, 2010 at 9:46 AM." (Id. at 6.)

At the hearing on the pending Motions, counsel for Plaintiff stated that, although her subpoena requested phone records from January through March

3

2010, she now seeks only the phone number for the blocked call made on February 18, 2010 at 9:46 a.m.

## DISCUSSION

Plaintiff seeks the requested information pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 26(b)(1) and 45(d)(1)(A). Rule 26(b)(1) allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Pursuant to Rule 45(d)(1), a party shall produce electronically stored information as it is kept in the ordinary course of business unless that information is "not reasonably accessible because of undue burden or cost." The parties dispute whether the Court should compel the production of the phone number of the blocked call made on February 18, 2010 at 9:46 a.m.

I.  Applicability of Regulation 1601

The parties dispute whether 47 C.F.R. § 64.1601 ("Regulation 1601") bars T-Mobile from disclosing the phone number of the blocked call made on February 18, 2010 at 9:46 a.m.. According to that Regulation, common carriers like T-Mobile shall recognize "a caller's request that the [calling party number] not be passed on an interstate call." 47 C.F.R. § 64.1601. Further, "No common carrier . . . that delivers [a calling number] may override the privacy indicator associated with an interstate call." Id. Moreover, carriers "must arrange their . . .

services . . . in such a manner that when a caller requests that the [calling number] not be passed, a carrier <u>may not reveal that caller's number or name, nor may the carrier use the number or name to allow the called party to contact the calling party</u>." <u>Id.</u> (emphasis added).

The language of Regulation 1601 clearly forbids common carriers like T-Mobile from revealing a caller's name or number when that caller requests that his or her phone number "not be passed" on an interstate call. Regulation 1601(d) provides certain exemptions, including calls originating from payphones and law-enforcement requests for call-tracing, but neither party advocates that any of the enumerated exemptions apply in this case. Consequently, pursuant to the clear language of Regulation 1601, T-Mobile is forbidden from revealing the name or phone number of any caller who blocked his or her phone number from Plaintiff, including whoever called her on February 18, 2011 at 9:46 a.m.

The history of Regulation 1601 further supports the Federal Communications Commission's ("FCC") intent that Regulation 1601 protect the identity of callers who choose to block their phone numbers. The FCC issued an opinion regarding calling number identification, wherein it "concluded that interstate callers should have a simple uniform way of being <u>assured</u> privacy on an interstate call." <u>Rules and Policies Regarding Calling Number Identification</u>

Service – Caller ID, CC Docket No. 91-281, Memorandum Opinion and Order on Reconsideration, Second Report and Order and Third Notice of Proposed Rulemaking, 10 F.C.C.R. 11700, 11706-07, 1995 WL 271760 (F.C.C.) (emphasis added).  The FCC further "concluded that when interstate callers dial *67, their [phone number] should not be revealed to the called party."  Id. at 11707.  In a subsequent Report and Order, the FCC reiterated its decision that carriers "are <u>required</u> to recognize and honor calling parties' privacy concerns."  (Ex. 10 at 3 (emphasis added).)  Honoring a caller's request to block his or her phone number "reflects the Commission's balancing of the benefits of caller ID with the privacy issues raised by this and other [calling party number] services."  (<u>Id.</u>)  Additionally, the FCC noted that "Congress intended to protect and preserve subscribers' ability to block the transmission of their own caller identification information to called parties."  (<u>Id.</u> at 15.)  The FCC's opinions and conclusions regarding Regulation 1601's protection of the identity of blocked phone calls further supports T-Mobile's position that the Regulation bars it from disclosing the identity of blocked callers.

        Plaintiff argues that, notwithstanding the plain language and history of Regulation 1601, T-Mobile must nevertheless provide the identity of the blocked call made on February 18, 2011 at 9:46 a.m. because the Regulation does not

specifically "reference its applicability to a subpoena." (Plaintiff's Reply at 11.) Although there exists no case law specifically regarding Regulation 1601, in analogous contexts, federal courts have declined to compel production of information where production is barred by federal regulation. See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Midland Bancor, Inc., 159 F.R.D. 562, 571 (D. Kan 1994) ("federal courts have consistently ruled that a court may not order an institution . . . to produce information in violation of regulations such as 12 C.F.R. § 602.289"); Interstate Prod. Credit Ass'n. v. Fireman's Fund Ins. Co., 128 F.R.D. 273, 275-76 (D. Or. 1989) ("this court is barred from ordering IPCA to produce the documents within the scope of [12 C.F.R. §] 602.289" because that regulation provides that such documents "are not to be disclosed to any person"); Colonial Sav. & Loan Ass'n v. St. Paul Fire & Marine Ins. Co., 89 F.R.D. 481, 483 (D. Kan. 1980) (declining to compel production of documents from the plaintiff in light of 12 C.F.R. § 505.5(b)); Fed. Home Loan Bank Bd v. Superior Court of Ariz., 494 F. Supp. 924, 927 (D. Ariz. 1980) (enjoining the disclosure of documents where such disclosure is "forbidden" under 23 C.F.R. § 505.5(b)). Although these cases dealt with other federal regulations, they support T-Mobile's position that Regulation 1601 bars disclosure of the blocked phone numbers requested in Plaintiff's subpoena.

Plaintiff tries to sway this Court from applying Regulation 1601 to this case by arguing that it "is no longer good law" because it "has been replaced by 76 F.R. 79768." (Plaintiff's Reply at 10-11.) The Court rejects this argument, as 76 Fed. Reg. 79768 concerns the Truth In Lending Act, which is not relevant to this case. Although 76 Fed. Reg. 79768 refers to 15 U.S.C. § 1601, it does not make any reference to Regulation 1601 or its subject matter.

Plaintiff also argues that this Court should reject T-Mobile's argument regarding Regulation 1601, because "T-Mobile failed to timely object to [Plaintiff's] subpoena." (Plaintiff's Reply at 5.) According to FRCP Rule 45(c)(2)(B), an objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). As stated at the hearing on these Motions, the Court rejects this argument because Plaintiff modified her request for information after serving the subpoena. Although the subpoena asked for all phone records "from January 2010 to March 2010," at the hearing, Plaintiff made clear that she now seeks only the phone number for the blocked call made on February 18, 2010 at 9:46 a.m. Because Plaintiff modified the requested information, the Court declines to hold T-Mobile to the "14 days after the subpoena is served" deadline in Rule 45(c)(2)(B).

In light of the clear language of Regulation 1601 and its history, as well as case law regarding other federal regulations, the Court concludes that Regulation 1601 bars T-Mobile from disclosing phone numbers for blocked calls, including the blocked call made on February 18, 2010 at 9:46 a.m. Further, pursuant to Rule 26(b)(1), the Court may order discovery for "good cause," but Plaintiff points to no provision in Regulation 1601 or elsewhere that provides the Court with the authority to find "good cause" to disregard the plain language of Regulation 1601. Accordingly, the Court denies Plaintiff's request to compel the production of documentary evidence and quashes the subpoena.[1] Fed. R. Civ. P. 45(c)(3)(A)(iii) (requiring courts to quash a subpoena that "requires disclosure of privileged or other protected matter").

II. The Requests for Fees and Sanctions Are Denied

Both Plaintiff and T-Mobile seek recovery of their attorneys' fees. Plaintiff requests an award of "all reasonable expenses, including attorney's fees, that Allis has spent both in replying to T-Mobile's frivolous opposition and in opposing T-Mobile's frivolous and improperly motivated motion to quash." (Plaintiff's Opp. at 12.) Plaintiff's request is pursuant to Rule 26(g)(3), which

---

[1] Alternatively, T-Mobile argues that it need not produce the information sought by Plaintiff because it is "not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 45(d)(1)(D). In light of the Court's conclusion that Regulation 1601 bars disclosure of the information, the Court need not address this argument.

authorizes the Court to impose sanctions "[i]f a certification violates this rule without substantial justification." Fed. R. Civ. P. 26(g)(3). T-Mobile similarly asks the Court to award it reasonable attorneys' fees under Rule 45(c)(1), which allows for a recovery of fees if the "party or attorney responsible for issuing and serving a subpoena [failed to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).

The Court declines to award either party attorneys' fees or to impose sanctions because the parties validly dispute the application of Regulation 1601 to the facts of this case. Neither party's position on this issue was frivolous, and the application of Regulation 1601 in this context has not been addressed by other courts. Although the Court ultimately agrees with T-Mobile that Regulation 1601 bars production of the information, the parties' briefs and oral argument assisted the Court in determining the applicability of Regulation 1601. Consequently, the Court concludes that each party shall bear its own costs in litigating this issue.[2]

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART (1) Plaintiff's Motion to Compel the Production of

---

[2] The Court does not address issues related to "cost-shifting," as both parties agree that cost-shifting does not apply in this case. (Plaintiff's Opp. at 8 ("Cost-shifting cannot be properly awarded here."); T-Mobile's Reply at 11 ("cost-shifting does not apply here").)

Documentary Evidence and Enforce the Subpoena Issued to T-Mobile on 9/30/11 and (2) T-Mobile's Motion to Quash Subpoena and for Attorneys' Fees. The Court concludes that Regulation 1601 bars production of phone numbers for blocked calls, including the blocked call made on February 18, 2010 at 9:46 a.m., and the Court therefore declines to compel production of this information. Additionally, the Court declines to award either party attorneys' fees.

Any appeal of this Order shall comply with the Federal Rules of Civil Procedure and the Local Rules of this District.

DATED: Honolulu, Hawaii, May 30, 2012.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Lindsey v. PNC Mortgage, et al., Civ. No. 11-00105 HG-BMK; ORDER GRANTING IN PART AND DENYING IN PART (1) PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTARY EVIDENCE AND ENFORCE THE SUBPOENA ISSUED TO T-MOBILE ON 9/30/11 AND (2) T-MOBILE USA, INC.'S MOTION TO QUASH SUBPOENA AND FOR ATTORNEYS' FEES.